**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RED PINE POINT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-290 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMAZON.COM, INC. AND THE | ) | |
| WEINSTEIN COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its Complaint against Defendants Amazon.com, Inc. ("Amazon" or "Defendant") and The Weinstein Company, LLC ("TWC" or "Defendant"), states as follows:

### I.    NATURE OF THE ACTION

1.    This is a patent infringement action by Red Pine against Amazon, an online retailer and manufacturer, and TWC, a movie distributor. As detailed below, Red Pine has been harmed by Amazon's and TWC's unlawful use of Red Pine's patents for commercial purposes.

### II.    JURISDICTION AND VENUE

2.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court may exercise personal jurisdiction over Amazon and TWC pursuant to the Illinois long-arm statute, 735 ILCS § 5/2-209. Amazon and TWC conduct continuous and systematic business in Illinois and this District. For example, Amazon sells the Kindle Fire, a

tablet computer, in this District. The Kindle Fire allows users to download and view feature length films like *Bachelorette* before the films are publicly available to view in movie theaters or on DVD. As will be described below, these patent-infringement claims arise directly from Amazon's and TWC's continuous and systematic activity in this District. This Court's exercise of jurisdiction over Amazon and TWC would thus be consistent with 735 ILCS § 5/2-209, and traditional notions of fair play and substantial justice.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

### III.   PARTIES

*Plaintiff*

5.      Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6.      Amazon is a corporation organized under the laws of Delaware. Amazon's headquarters are located in Seattle, Washington. Among other things, Amazon operates a retail website providing customers access to consumer products for delivery directly to the consumer's home. In addition, Amazon produces electronic reading devices and tablet computers.

7.      TWC is a limited liability company organized under the laws of New York. TWC's headquarters are located in New York, New York.  Among other things, TWC distributes movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters

### IV.   FACTUAL BACKGROUND

8.      Red Pine owns United States Patent 8,424,048 (the "'048 patent") and United States Patent 8,521,601 (the "'601 patent").

9.      The field of the invention of the '048 patent and the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

10.     This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *Bachelorette* is not the same as the target audience of *Avatar* or *Titanic*.

11.     The '048 and '601 inventions provide a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *Bachelorette* to hand-held devices like Kindle Fire for viewing before *Bachelorette* is publicly available for viewing in theaters or on DVD.

## V.  CLAIMS ALLEGED

### Count I
### Patent Infringement Against Amazon

12.     Red Pine repeats the allegations of paragraphs 1 through 11 of this Complaint as though fully alleged herein.

13.     Red Pine is the exclusive owner of the '048 patent, which is attached as Exhibit 1.

14.     The '048 patent is valid and enforceable.

15.   Amazon directly infringes claims of the '048 patent. Amazon makes, uses, sells, and offers for sale products, methods, equipment, and services that practice claims 1, 2, 4, 8, 10, 13, 14, 15, 18, 19, and 20 of the '048 patent.

16.   For example, and without limiting the '048 patent claims that will be asserted in this action or the Amazon devices and services accused of infringing the '048 patent claims, the distribution of *Bachelorette* through Amazon's Kindle Fire infringed and infringes claim 1 of the '048 patent.

17.   Claim 1 is "[a] handheld portable electronic device (HPED) [that] purchases and downloads . . . the feature length movie before a public release date of the feature length movie . . . ." Amazon makes, uses, and sells the Kindle Fire, which purchases and downloads feature length movies like *Bachelorette* before the movie's public release date.

18.    The invention as claimed in claim 1 "plays the feature length movie on the display before the feature length movie is publicly available for viewing by a general public in movie theaters . . . ." Once a movie like *Bachelorette* has been downloaded, the Kindle Fire plays the movie before the general public may view the movie in the theaters.

19.   Claim 1 is a device "wherein a private release group of the general public purchases" the movie for viewing before the movie is released in theaters. Before an individual may purchase *Bachelorette* from Amazon and view the movie before the release date, this individual must become a member of Amazon, and thereby become part of a "private release group."

20.   According to claim 1, members of the private release group "designate specific times when the feature length movie plays on the HPEDs before the feature length movie is publicly available for viewing by the general public in movie theaters." Individuals who

-4-

purchased *Bachelorette* from Amazon designated where, when, and how they would play the movie, and many of these individuals played *Bachelorette* before it was out in theaters.

<u>**Count II**</u>
**Patent Infringement Against Amazon and TWC**

21.    Red Pine is the exclusive owner of the '601 patent, which is attached as Exhibit 2.

22.    The '601 patent is valid and enforceable.

23.    Amazon, TWC, or both directly infringe claims of the '601 patent. Amazon, TWC, or both make, use, sell, and offer for sale products, methods, equipment, and services that practice claims 1 and 4 of the '601 patent.

24.    For example, and without limiting the '601 patent claims that will be asserted in this action or the Amazon and TWC devices and services accused of infringing the '601 patent claims, the distribution of *Bachelorette* through Amazon's Kindle Fire infringes claim 1 of the '601 patent.

25.    Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." Amazon and TWC advertised *Bachelorette* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

26.    The method of claim 1 involves displaying a movie trailer for the FLM. Amazon and TWC displayed a movie trailer for *Bachelorette*.

27.    When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." Amazon and TWC sold

*Bachelorette* for purchase with a Kindle Fire before *Bachelorette* was in the theaters and before *Bachelorette* was publicly available on DVD.

28.     The claim 1 method involves wirelessly transmitting and downloading of the FLM. Amazon and TWC did this with respect to sales and rentals of *Bachelorette*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times decided by the individuals viewing the FLM with the times being before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

29.     Amazon and TWC practiced the remaining steps of claim 1 because *Bachelorette* was distributed to movie theaters and is greater than sixty minutes long.

## VI.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Red Pine prays for the following relief against Amazon and TWC:

(A)     Judgment that Amazon has directly infringed claims of the '048 and '601 patent claims;

(B)     Judgment that TWC has directly infringed claims of the '601 patent claims.

(C)     For a reasonable royalty;

(D)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(E)     For such other and further relief as the Court may deem just and proper.

Date: January 15, 2014                    Respectfully submitted,

                                          RED PINE POINT LLC


                                          By:_____
                                               One of Plaintiff's Attorneys


Joseph J. Siprut
*jsiprut@siprut.com*
Melanie K. Nelson
*mnelson@siprut.com*
**Siprut** pc
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906


Matthew M. Wawrzyn
*matt@wawrzynlaw.com*
Stephen C. Jarvis
*stephen@wawrzynlaw.com*
**WAWRZYN LLC**
233 S. Wacker Dr.
84th Floor
Chicago, Illinois  60606
312. 283.8330


4850-5946-2424, v.  1